Day, J.
The plaintiff in error commenced an action against the defendant, to recover for an injury claimed to have resulted from the negligent and unskillful attendance and treatment, as a physician, rendered by defendant under employment to render such service for fee or reward. The date of the professional services resulting in the injury complained of, was March 22, 1892. The petition was filed and the summons issued, which was subsequently served, on March 21, 1896. The statements of fact in the petition were full and ample, confessedly stating a cause of action against the defendant, if commenced in time to save it from the running of the statute of limitations. The court below sustained a demurrer to the petition, and dismissed it, on the ground that the action was barred by lapse of time; and plaintiff prosecutes error here seeking a reversal of that judgment, and a judgment overruling the demurrer,and requiring defendant to answer the claim preferred in the petition.
The demurrer raises the question.of the statute of limitations, and that is the only question in the case. Was the demurrer improperly sustained, or was the action not barred, by lapse of time after the right of action accrued?
The claimed right of action and recovery is based on *330 negligent and unskillful practice by defendant as a physician, and now known and designated in the law as malpractice. By act of General Assembly, passed May 18, 1894, amending sec. 4983, Rev. Stat., being the one year limitation, actions for malpractice was made part of that section. Prior to that date, malpractice was not named or mentioned, in terms, in any section of the statute of limitations. Since that amendment, however, the statute of limitations for actions for malpractice has been one year; and it is manifest, if that section applies and controls as to the particular cause of action in this case, that the demurrer was properly sustained. If, however, sec. 4982, Rev. Stat., which is the four years’ limitation,obtains and governs, then, the action having been commenced within four years, by one day, the demurrer was improperly sustained, and the judgment will, of necessity, have to be reversed. So the problem we have to solve, is, which section of the statute is applicable to this cause of action; sec. 4982 or sec. 4983, the four years’ section, or the one year?
It is conceded in argument that the general impression with the profession has been, that actions for malpractice belonged to and were governed by the provisions of sec. 4982, and that they were assigned to that section almost, if not quite universally, by the courts. This impression and practice of the courts, it is urged however, is not right; that the profession has been wrong, and the courts wrong; that by reason of the-essential elements of malice and willful negligence, constituting malpractice, it of right belonged to, and ’should have been assigned to the group made up of libel, slander, assault, battery, malicious prosecution and false imprisonment, provided for in sec. 4983, Rev, Stat., and to^which^it was assigned, specially, by the amendment of that'section^in May, 1894.
We are unable”to agree with this proposition, but are clearly of opinion, the cause of action in question was covered *331 and controlled by the provisions of sec. 4982, Rev. Stats., as, we think, quite abundantly appears from a careful reading and consideration of that section. The latter part of sec. 4982, reads:, “Within four years * * * an action for an injury to the rights of plaintiff, not arising on contract and not hereinafter enumerated. ” Until May, 1894, actions for malpractice were not hereinafter, or at all, enumerated in any section of the limitations statute; and certainly, an action for an injury on account of malpractice, does not arise on contract. True,the service is rendered on contract, either express or implied, but the cause of action arises altogether on the negligence — -the omission to exercise due care or due skill in the rendition of the service on the part of the person sought to be charged. Nor is there present necessarily, or'even probably, the element of malice or willful wrong-doing, although that element may be present. If such element is present, or can be made to appear by the evidence, the matter at once assumes a grave aspect — that of intentional wrong-doing resulting in damage and loss, which can be recovered without the formality or necessity of alleging or proving either negligence or unskillfulness. We are of opinion that an action for injuries resulting from malpractice, prior to May 18, 1894, did not, as matter of law, belong to that class of actions for-malici jus injuries — injuries resulting from willful and intentional wrong-doing — - such as libel, slander, assault, etc ,covered by the provision of sec. 4983; but to that larger and more common class, in which injury and loss results simply from an omission or failure to exercise ordinary care,or necessary skill when care or skill is requisite; and provided for,, so far as the statute of limitations is concerned, by sec. 4982; which is within four years after the right to bring an action accrued, If this conclusion is correct, it will settle the question raised by the demurrer adversely to demurrant, unless it can be properly held that legislation, not remedial in its character, *332 amending the statute of limitations by reducing the time within which an action may be commenced from four years to one,applies to and governs causes of action already accrued and subsisting when the amendment became the law. Such claim is not asserted,and is believed to be untenable. Under the facts in this case, as they are stated in the petition, and which, for all purposes of the demurrer,, are conceded to be true, the cause of action arose in 1892, while the four years limitation for commencing actions for injuries from malpractice obtained; and at that date the right to bring an action within four years accrued to plaintiff, and became a vested right under the then existing law; and it is a familiar and fundamental principle that such right cannot be abridged or in any way curtailed by subsequent legislation; unless it is remedial in its character, without subjecting the subsequent legislation to the imputation of being retrospective, and therefore unconstitutional. If the subsequent legislation is purely remedial, still, it cannot be made effectual to displace any portion of a vested and subsisting right, without express provision to that effect contained in the amending act, as provided by sec. 79, Rev. Stat. There is no such provision in the amendment of May, 1894, and it follows, of course, that that amendment, changing the period in which actions for malpractice may be commenced, from four years to one year, does not apply to the cause of action then accrued and subsisting, and which forms the basis of the petition in this case. To this purport are decisions of the supreme court, in construing the provisions of sec. 79 Rev. Stat.; so there can be no doubt as to the proper holding on that head. It is held in the 38 Ohio St., 46: “The provision of the code, as revised in 1878 by which tlm period within, which a proceeding in error may be com menced, is reduced from three to two years, does not apply to judgments which had been rendered when the act took effect. As to such judgments; the provisions of the repealed. *333 law apply.” In the 31 Ohio St., 358, it is said: “Where rights have fully vested under a section, these rights are not affected by a repeal of the section,” Other decisions there are of like import, which it is not thought necessary to quote or refer to as these will illustrate and settle the principle in¿ volved.
Judge Clayton, for Plaintiff.
Hon. D. D. Hare, for Defendant.
Upon consideration of the whole matter, and believing ■the law to be as here indicated, we find the demurrer was improperly sustained and the petition improperly dismissed, for which error the judgment is reversed, with costs, but no penalty; and the demurrer to the petition is overruled and cause remanded for further proceeding according to law.